# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TIMOTHY PETERSON,

    *Petitioner*,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA,

    *Respondent.*

Civil Action No. 17-378 (RDM)

## MEMORANDUM OPINION

*Pro se* prisoner Timothy Peterson brings what he styles a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1 at 1. The nub of his theory is that Public Law 80-772, 62 Stat. 683 (1948)—which codified title 18 of the United States Code dealing with federal crimes—was enacted in violation of the Constitution's Quorum Clause and was "void ab initio." *Id.* at 11; *see* U.S. Const., Art. I, § 5, c. 1. Peterson seeks his "immediate release," damages for his "illegal incarceration," and an order "that he never pay taxes again." Dkt. 1 at 33. Suffice it to say, Peterson's petition is frivolous, and the Court will dismiss it as such.

For starters, this Court lacks jurisdiction to order Peterson's release. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Such a motion must be brought in "the court which imposed the sentence," 28 U.S.C. § 2255(a), which, for Peterson, is the Southern District of Alabama, *see* Dkt. 1 at 1; *United States v. Peterson*, 10-cr-183 (S.D. Ala. Feb. 14, 2011), ECF No. 23. But, if the § 2255 remedy "appears . . . inadequate or ineffective," 28 U.S.C. § 2255(e), the prisoner may seek habeas "in

the custodial court," *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), which, for Peterson, is the District of Colorado, *see* Dkt. 1 at 34 (identifying Peterson's place of incarceration as FCI Englewood in Littleton, Colorado). Either way, *this* Court is not the appropriate forum for collateral attack of Peterson's confinement.

To the extent Peterson also seeks damages or other relief as compensation for his allegedly unlawful sentence, his claim must also fail. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "in order to recover damages for allegedly unconstitutional conviction or imprisonment," a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Because Peterson has not demonstrated that his conviction or sentence has been invalidated, his "complaint must be dismissed." *Id.* at 487.

Finally, although it hardly bears mentioning, Peterson's claim that title 18 of the U.S. Code was enacted in an unconstitutional manner is frivolous. *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (ordering the lawyer advancing this argument to show cause why he should not be sanctioned for doing so). That claim, which is apparently "one of the jailhouse lawyers' arguments *du jour*," *United States v. Schultz*, No. 03-cr-08, 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007), has been "routinely rejected out of hand by an extremely large number of district court[s]," *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (collecting cases). Indeed, this Court recently rejected two identical petitions, also from FCI Englewood, which copied the same habeas petition template verbatim. *See Newsom v. U.S. Dist. Court for D.C.*, 17-cv-411 (D.D.C. Apr. 25, 2017) (dismissing petition identical in all respects except the name of the petitioner); *Ransom v. U.S. Dist. Court for D.C.*,

17-375 (D.D.C. Apr. 6, 2017) (same).  This decision adds to the litany of cases rejecting this cookie-cutter claim as frivolous.

The Court will **DISMISS** this petition because it is frivolous, because it is brought in an impermissible forum, and because it otherwise fails to state a claim upon which relief can be granted.  A separate order will issue.


                                    /s/ Randolph D. Moss
                                    RANDOLPH D. MOSS
                                    United States District Judge

Date:  May 30, 2017